IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TRAVIS A. WOODS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 7:09-CV-105 (HL) |
| | : | |
| | : | |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| Officer WARNOCK; JOSH ADCOCK; | : | |
| Captain MICHELLE KEENE; | : | |
| MARK ELKINS; Sheriff CHRIS PRIME, | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **TRAVIS A. WOODS**, an inmate at the Lowndes County Jail in Valdosta, Georgia,
has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing
fee and is responsible for payment of the full filing fee as is described in the Court's Order filed on
this same date.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint
against a governmental entity or officer or employee of a governmental entity at any time if the court
determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may
be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim
is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.
319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be
granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his
claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that on July 1, 2009, Officer Warnock assaulted him. Plaintiff alleges that following this assault, Josh Adcock pepper sprayed him in the face when he was escorting him to "the hole." Plaintiff states that he was made to remove his clothes and was placed in a cell, naked, without running water. Plaintiff alleges that approximately 23 days later, he requested to be taken out of isolation. However, Lt. Elkins and Capt. Keene refused and told him that he was to remain in "the hole permanently."

The Court cannot, at this stage in the litigation, rule that these claims are frivolous. Therefore, in a separate Order entered on this same date, the Court has allowed these claims to go forward against these four defendants.

However, plaintiff has also named Sheriff Prime as a defendant. The only allegation he makes against this individual is that "Sheriff Chris Prime ignore (sic) the security related concerning cruel and unusual punishment in the Lowndes County Jail." Plaintiff does not maintain that Sheriff Prime was involved in, or even had any knowledge of, the assault, pepper spraying incident, or decision to keep him in isolation. Moreover, to any extent that plaintiff is attempting to hold Sheriff Prime responsible for the actions of his employees, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986).

Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that Sheriff Prime was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivations.[1]

Accordingly, the undersigned **RECOMMENDS** that Sheriff Chris Prime be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

**SO RECOMMENDED**, this 3rd day of June, 2010.

S// Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

lnb

---

[1]Additionally, the United States Court of Appeals for the Eleventh Circuit has held that sheriffs are entitled to Eleventh Amendment immunity from suit in their official capacity when "establishing use-of-force policy at the jail and in training and disciplining [] deputies in that regard." *Manders v. Lee,* 338 F.3d 1304, 1328 (11th Cir. 2003).